Court of Criminal Appeals of Texas.
March 23, 1932.

State's Rehearing Denied May 4, 1932.

Earl M. Greer, of Wills Point, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

### LATTIMORE, J.

Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

■ The state witnesses positively affirmed the sale of whisky by appellant. He did not testify, but introduced several witnesses who claimed to have been with him on the night of the alleged sale, and each of them denied the facts testified to by the state witnesses. In such cases we must uphold the action of the jury in finding the verdict of guilty.

■ There are four bills of exception, in none of which error appears save as hereinafter set out. Bill of exception No. 3 complains of argument of the district attorney. From it we learn that said attorney had gone on the witness stand and attempted as a witness to narrate what witness Tidwell had testified before the grand jury which found this indictment, but that the court had sustained appellant's objection to such testimony. While making his final argument to the jury the state's attorney said: "I told this jury under oath that Tidwell told the grand jury this was the whisky," referring to his testimony to which objection had been sustained. In said bill of exception the direct statement appears as follows: "Said argument was improper and outside the record and prejudicial to the defendant." Said bill of exception shows to have been examined, approved, and ordered filed by the trial judge, with the explanation that he not only sustained objections to the testimony, but also to the argument, and excluded it from the record.

We find it hard to understand why hearsay testimony as to what transpired in the grand jury room should be offered before the jury; and harder to see why, when objection to same has been sustained by the trial judge, the statement of what took place in the grand jury room should again be stated to the jury in argument by the state's attorney. The trial judge seems to have done what he could to protect the rights of the accused, save in his refusal of a new trial. We cannot sanction such procedure. To allow a conviction obtained by such method to stand, would be an injustice.

The judgment of the trial court is reversed, and the cause remanded.

## BAYNE v. STATE.
### No. 15246.

Court of Criminal Appeals of Texas.
March 30, 1932.

Rehearing Denied May 4, 1932.

G. C. Clegg, of Trinity, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

### CALHOUN, J.

The offense, selling intoxicating liquor; the punishment, confinement in the penitentiary for one year.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges

of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

MORROW, P. J.

Finding nothing presented requiring further discussion, the motion for rehearing is overruled.